LEMMON, Judge.
On our own motion this court has raised the issue of dismissing the appeal as untimely.
After the trial on the merits, the district court took the case under advisement and subsequently rendered judgment on Wednesday, June 10, 1970. According to a certificate in the record, a copy of the judgment was mailed on the next day to counsel for all parties. Appellant filed a motion for new trial on June 17, 1970. The motion was denied on November 15, 1971, and appellant thereafter filed a petition for a devolutive appeal on December 23, 1971.
C.C.P. art. 1974 provides that the delay of three days for applying for a new trial commences to run on the day after the clerk has mailed the notice of judgment required by art. 1913. While counsel could not state with certainty the date on which he received the certified copy of the judgment (which in our opinion constitutes the required notice of judgment), he concedes that he received it prior to applying for a new trial on June 17.
Counsel received the certified copy of the judgment well within the delay for applying for a devolutive appeal. The judgment on its face indicated that it was rendered on June 10, 1970. It was therefore incumbent upon counsel to determine that his application for a new trial was timely filed by determining the date of mailing from the record. When he filed a motion for a new trial without first ascertaining that it was timely, he did so at his own peril.
When no application for a new trial was timely made, the time for applying for a devolutive appeal began to run. C.C.P. art. 2087. Thereafter, when 90 days elapsed after the expiration of the delay for applying for a new trial, the judgment of the trial court became final and definitive. C.C. art. 3556(31); C.C.P. art. 1842.
The appeal is dismissed.
Appeal dismissed.